JAMES M. BRADEN (State Bar No. 102397)
601 Montgomery Street, Suite 315
San Francisco, CA 94111
Telephone: (415) 398-6865
Facsimile: (415) 788-5605
Email: Braden@sf-lawyer.com

Attorney for Plaintiff Ellen Williams

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN WILLIAMS, also known as ELLEN GIRMA, an individual,<br><br>        Plaintiff,<br><br>  v.<br><br>ALAMEDA COUNTY, CALIFORNIA; ALAEMDA COUNTY SOCIAL SERVICES AGENCY; ADULT AND AGING SERVICES OF ALAMEDA COUNTY; all of which are government entities of the state of California; and NICOLE RADFORD, an individual and DOEs, 1 through 100, inclusive,<br><br>        Defendants | **Case No.:** ___<br><br>**COMPLAINT FOR DAMAGES FOR FALSE POLICE REPORT BY A GOVERNMENT OFFICER** |

Plaintiff, ELLEN WILLIAMS, also known as ELLEN GIRMA, demands a trial by jury on all issues and causes of action and alleges as follows:

### JURISDICTION

1.      This section arises under 42 U.S.C. §1983. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343.

### INTRADISCTRICT ASSIGNMENT

2.      The claims alleged herein arose in the COUNTY OF ALAMEDA, State of California. Therefore, venue and assignment lies in the United States District Court for the Northern District of California, San Francisco or Oakland Divisions. 28 U.S.C. Section 1391 (b)(2).

### PARTIES

3.      Plaintiff, ELLEN WILLIAMS, is a resident of Alameda County, in the City of Dublin.  Plaintiff is also known by her name previous to marriage of Ellen Girma.   Defendants' files and records relating to this matter may refer to her as Ellen Girma.

4.      Defendant COUNTY OF ALAMEDA is, and at all times herein mentioned was, a government entity duly organized and existing under the laws of the State of California.

5.      Defendant ALAMEDA COUNTY SOCIAL SERVICES AGENCY is, and at all times herein mentioned was, an agency or department of the COUNTY OF ALAMEDA.

6.      Defendant ADULT AND AGING SERVICES OF ALAMEDA COUNTY is, and at al times herein mentioned was, an agency or department of the COUNTY OF ALAMEDA.

7.      Defendant NICOLE RADFORD (hereinafter Defendant RADFORD)  was at all times herein mentioned, an employee of the ALAMEDA COUNTY SOCIAL SERVICES AGENCY whom Plaintiff is informed and believes has the position of Social Worker.  She is sued herein in both her individual and official capacities.

8.      Plaintiff is ignorant of the true names or capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues said defendants by such fictious names.

9.      Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and upon such information and belief alleges that each of the Doe defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said defendants proximately caused said incidents, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, battery, violation of constitutional rights, violation of public policy, false arrests, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint to insert further charging allegations when such facts are ascertained.

10.      In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for the COUNTY OF ALAMEDA.

11.      In doing the acts or omissions alleged herein, Defendants, and each of them, acted under color of authority or color of law.

12.      In doing the acts or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, employee, or in concert with each of said other Defendants herein.

## STATEMENT OF GENERAL BACKGROUND FACTS

13.      Plaintiff is informed and believes and thereon alleges that the COUNTY OF ALAMEDA maintained customs, policies or practices wherein COUNTY OF ALAMEDA Social Workers and other employees were encouraged, authorized or otherwise permitted to

engage in civil rights violations against Black American citizens living, traveling or visiting in the COUNTY OF ALAMEDA, and were also encouraged, authorized or otherwise permitted to prepare and file false police reports, fabricate evidence, and generally subject such persons to maliciously false accusations and actions..

14.     Plaintiff is further informed and believes and thereon alleges that the abuses in question were the product of a culture of tolerance within the COUNTY OF ALAMEDA This culture is rooted in the deliberate indifference of high ranking County Officials, including, but not limited to Defendants, or other high ranking COUNTY OF ALAMEDA officials or acting in concert with one another, who have routinely acquiesced in the misconduct and otherwise failed to take necessary measures to prevent and curtail such misconduct.

15.     Plaintiff is informed and believes and thereon alleges that she suffered the violation of her constitutional rights as a result of customs, policies, patterns or practices of Defendants, and each of them, including, but not limited to, deliberate indifference in the hiring, supervision, training, and discipline of employees of the ALAMEDA COUNTY SOCIAL SERVICES AGENCY, including, but not limited to, Defendant NICOLE RADFORD.

16.     Plaintiff is further informed and believes and thereon alleges that she suffered the violation of her constitutional rights as alleged herein as a result of customs, policies or practices of Defendants, or each of them, including customs, policies or practices of failing to ensure that employees were discouraged from engaging in acts of misconduct against citizens, including falsification of reports and evidence; of failing to fully or fairly investigate alleged misconduct by its employees; of failing to appropriately monitor or otherwise track complaints of misconduct against its employees so that appropriate and timely disciplinary action or training could be taken when employees were shown to have a history of complaints; or of failing to

promptly remove or terminate employees who repeatedly violated the rights of citizens or engaged in the type of misconduct alleged herein.

17.     Plaintiff is informed and believes and thereon alleges that the aforementioned incidents were caused by the deliberate indifference of Defendants, by their high-ranking with regard to the need for more or different training or supervision or discipline of its employees, including, but not limited to Defendant RADFORD.

18.     Plaintiff is further informed and believes and thereon alleges that she suffered violation of her  constitutional rights as a result of customs, policies, or practices of Defendants, and each of them, individually or acting in concert with one another, including, but not limited to, customs, policies or practices which encouraged, authorized or condoned f fabrication of evidence, falsification of police reports, or other misconduct which foreseeably would result in the violation of the rights of citizens.

19.     Plaintiff is further informed and believes and thereon alleges that as a result of Defendants' policy of indifference, a custom or practice developed within the ALAMEDA COUNTY SOCIAL SERVICES AGENCY whereby it was accepted practice for employees to abide by a "Code of Silence." Under this Code, employees charged with upholding the law routinely ignored or otherwise failed to report or take action against fellow employees who engaged in misconduct, including, but not limited to, Defendant RADFORD.

20.     Plaintiff is further informed and believes and thereon alleges that Defendants,, or each of them, tacitly or directly ratified, approved, condoned or otherwise encouraged a pattern, practice, custom of policy of misconduct or civil rights violations by their employees, such as occurred in the instant case.

21.     Plaintiff is informed and believes and thereon alleges that prior to the subject incident, Defendants were on actual notice of problems with the accountability of employees of the ALAMEDA COUNTY SOCIAL SERVICES AGENCY, including, but not limited to, problems in fully, fairly, and objectively investigating citizens' complaints concerning misconduct of such employees.

22.     Plaintiff is informed and believes and thereon alleges that as a result of customs, policies, practices or the lack thereof, Defendants and their policy makers or high ranking supervisors have encouraged, authorized, ratified, condoned or have failed to remedy continuing acts of misconduct and civil rights violations, including, but not limited to, those which have resulted in the damage as alleged herein to the Plaintiff.

23.     Plaintiff is informed and believes and thereon alleges that the subject incident was the result of a custom, policy, pattern or practice of Defendants, or each of them, whereby Black American citizens, such as the Plaintiff, were singled out for disparate treatment and subjected to excessive false police reports and other harassment and misconduct because of their race.

24.     Plaintiff is further informed and believes and thereon alleges that despite having notice of customs, policies, patterns or practices by members of the CITY OF PLEASANTON Police Department wherein Black American citizens were repeatedly subjected to false police reports and other harassment and misconduct because of their race, Defendants have failed to take any or appropriate remedial action to prevent continuing misconduct by members of the COUNTY OF ALAMEDA SOCIAL SERVICES AGENCY.

## ALLEGATIONS CONCERNING THE PLAINTIFF'S SPECIFIC

## INCIDENT

25.     Defendant RADFORD, an employee of Defendant COUNTY OF ALAMEDA SOCIAL SERVICES AGENCY, called the City of Dublin Police Department on December 31, 2019 to make a false allegation without any basis, evidence or investigation, that Plaintiff was abusing her husband Dr. Michael Williams, a practicing oncologist. She further alleged that Plaintiff "may have killed Dr. Williams because nobody has seen him for over a month".

26.     Radford also made a representation to police that Plaintiff is a violent felon. And she further fabricated an allegation to the police that she had been trying to reach Dr. Williams for over a month, but that he had not returned her multiple phone calls.

27.     In response to this seemingly credible report from an employee of the Alameda County Government, the City of Dublin Police surrounded Plaintiff's and Dr. Williams' home on New Years Even while Plaintiff and her husband were at work in their oncology clinic. The police called the clinic number and said "It is urgent that we speak with Dr. Williams." Plaintiff took the call and told the police that the police should speak with their attorneys. The police told Plaintiff that "Dr. Williams is not under criminal investigation; we just want to be sure that he is OK because we received a very strange call saying that he might not be alive."   Plaintiff asked who had said that and the police officer replied that it was "Nicole from Alameda County Adult Protective Services." Dr. Williams then spoke directly on the phone with the police and confirmed that he was not only alive, but in perfectly good and safe condition.

28.     Plaintiff called Radford to find out the reason for the bizarre allegations. Radford alleged "I'm just an intake worker."   Plaintiff told Radford that the Dublin Police told Plaintiff to call Radford, and that Radford had told the police that Plaintiff had killed Dr. Williams. She

7

said, "I am just an intake worker,  but the social workers will need a fact to face meeting with you, when can they come to your house to interview you and what is a good number."

29.      Radford lied to Plaintiff.   She was in fac a Social Worker, not a mere intake worker.

30.      Plaintiff informed Radford that the Dublin Police whom she had contacted were able to phone and speak with Plaintiff and her husband without any difficulty.   Because Radford claimed that to the police that she had been unable to achieve that for a whole month, Plaintiff asked her what number(s) she had called.   Radford became very nervous, while also turning more aggressive: "You need to cooperate with this investigation otherwise things are going to be very bad for you."

31.      Radford then demanded an in-person interview with Dr. Williams. Plaintiff that her and Dr. Williams' attorney be on the telephone call, but Radford refused. Plaintiff then got her attorney on the telephone anyway. Radford then admitted that she is the social worker who instigated the calls to the police.

32.      In doing the foregoing, Radford abused her operational duties as an employee for the Alameda County Social Services Agency.


**CLAIMS FOR RELIEF**

FIRST CLAIM FOR RELIEF

(42 .S.C. SECTION 1983)

(AGAINST ALL DEFENDANTS)

33.      Plaintiff incorporates by reference and realleges herein Paragraphs 1-32.

34.     In doing the acts of complained of herein, Defendants or each of them, individually or while acting in concert with one another, did act under color of state law to deprive Plaintiff as alleged heretofore of certain constitutionally protected rights, including, but not limited to:

        (a)     the right not to be deprived of liberty without Due of Law;

        (b)     the right to equal protection of the law.

35.     Said rights are substantive guarantees under the Fourth or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter wet forth.

## SECOND CLAIM FOR RELIEF

(42 U.S.C. Section 1983)

(AGAINST ALL DEFENDANTS)

36.     Plaintiff incorporates by reference and realleges herein here Paragraphs 1 through 32.

37.     As against the Defendants which are government entities, Plaintiff further alleges that the acts or omissions stated  in the Complaint herein are indicative and representative of a repeated course of conduct by employees of the County of Alameda Social Services Agency, and are thus tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of governmental authority, and disregard for the constitutional rights of citizens in Alameda County.

38.     Plaintiff is further informed and believes and thereon alleges that the acts or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by the Defendants to the repeated violations of the constitutional rights of

citizens of the employees of the COUNTY OF ALAMEDA SOCIAL SERVICES AGNECY, , which have included, but are not limited to, repeated false police reports, denial of equal protection of the law based on race, and other repeated violations of the constitutional rights of the citizens of Alameda County.

39.     Plaintiff is further informed and believes and thereon alleges that the damages sustained herein were the proximate result a custom, policy, pattern, or practice of deliberate indifference by the Defendants to the repeated violations of the constitutional rights of citizens by employees of the COUNTY OF ALAMEDA SOCIAL SERVICES AGENCY.  These have included, but were not limited to, repeated false police reports, denial of equal protection of the laws based on race, and other repeated violations of the constitutional rights of the citizens of Alameda County.

40.     Plaintiff is further informed and believes and thereon alleges that the damages sustained herein were the proximate result of customs, policies or practices which included, but not limited to, failure to adequately or appropriately hold employees accountable for their misconduct, failure to properly and fairly investigate complaints about employees' misconduct, failure to enact policies to ensure adequate or appropriate oversight of employees to prevent continuing violations of the rights of citizens, failure to properly train or discipline employees, failure to adequately or properly supervise employees, and failure to adopt an appropriate early warning systems, policies and customs.  All these failures  encouraged employees to target certain groups of citizens for aggressive reporting to the police of supposed problems or issues, or other customs or policies which caused or contributed to, the violation of the rights of citizens by members of the COUNTY OF ALAMEDA SOCIAL SERVICES AGENCY.

41.     The aforementioned deliberate indifference, customs, policies or practices of Defendants resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to the following:

      (a)     the right not to be deprived of liberty without Due Process of Law;

      (b)     the right to equal protection of the law.

42.     Said rights are substantive guarantees under the Fourth or Fourteenth Amendments to the United States Constitution.

      WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CLAIM FOR RELIEF

(NEGLIGENCE)

(AGAINST ALL DEFENDANTS)

43.     Plaintiff incorporates by reference and realleges herein Paragraphs 1-32.

44.     Defendants individually or acting in concert and while acting withing the course and scope of their employment for Defendants owed Plaintiff a duty to use due care at or about the times of the aforementioned incidents.

45.     In doing the aforementioned acts or omissions, said Defendants or each of them, individually or while acting in concert with one another, negligently breached said duty to use due care, directly and proximately resulting in he injuries and damages to the Plaintiff as alleged herein.

46.     Defendant government entities are  therefore liable by the doctrine of *respondeat superior* for the negligence of individual defendant Radford within the course and scope of her employment and as alleged herein.

11

47.     As a result of the negligence of Defendants, and each of them, Plaintiff suffered the damages and injuries as alleged heretofore in this Complaint.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CLAIM FOR RELIEF**

(CAL. CIVIL CODE SECTION 51.7)

(AGAINST ALL DEFENDANTS)

48.     Plaintiff incorporates by reference and realleges herein paragraphs 1 through 32.

49.     In doing the acts or omissions as alleged herein, all Defendants caused the Plaintiff to be subject to a false police report because of her race.

50.     As a result, Plaintiff is entitled to relief under California Civil Code Section 51.7, including, but not limited to, compensatory damages, statutory damages, punitive damages, attorneys' fees and costs in amounts to be determined according to proof.

51.     The acts of omissions of individual defendant Radford were within the course and scope of her employment by the government entity Defendants, thus making those employer defendants liable by the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FIFTH CLAIM FOR RELIEF**

(CAL. CIVIL CODE SECTION 52.1)

(AGAINST ALL DEFENDANTS)

52.     Plaintiff incorporates by reference and realleges herein Paragraphs 1 through 82

53.     In doing the acts or omissions as alleged herein, Defendants caused the Plaintiff to suffer the violation of her rights guaranteed by the United States Constitution and the California Constitution.

54.     As a result, Plaintiff is entitled to relief under California Civil Code Section 52.1, including, but not limited to, compensatory damages, statutory damages, punitive damages against named defendants, attorneys' fees, and costs in amounts to be determined according to proof.

55.     The acts of omissions of individual defendant Radford were within the course and scope of her employment by the government entity Defendants, thus making those employer defendants liable by the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth

## SIXTH CLAIM FOR RELIEF

(NEGLIGENT HIRING, SUPERVISION, TRAINING OR DISCIPLINE)

(AGAINST THE GOVERNMENTAL ENTITY DEFENDANTS)

56.     Plaintiff incorporates by reference and realleges Paragraphs 1 through 32..

57.     At all times mentioned herein, Plaintiff is informed and believes and thereon alleges that the governmental entity had a duty to use reasonable care with respect to the hiring, supervision, training or discipline of employees of defendant COUNTY OF ALAMEDA SOCIAL SERVICES AGENCY, but not limited to,  individual Defendant Radford, in order  to avoid foreseeable injury and damages to members of the public, such as the Plaintiff.

58.     Plaintiff is informed and believes and thereon alleges that the governmental entity defendants negligently breached said duty to use reasonable care in the hiring, training, supervision or discipline of employees of defendant COUNTY OF ALAMEDA SOCIAL SERVICES AGENCY, including, but not limited to, individual defendant Radford, resulting in the damages and injuries sustained by Plaintiff in this Complaint.

59.     The governmental entity Defendants are liable by the doctrine of *respondeat superior* for the negligence of their  employees and agents, including individual Defendant Radford, within the course and scope of their employment and agency as alleged herein.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## STATEMENT OF DAMAGES

60.     Plaintiff incorporates by reference and realleges herein Paragraphs 1 through 59.

61.     As a result of the acts or omissions of Defendants and each of them, as alleged herein, Plaintiff suffered damages, including, but not limited to:

a. General damages, including, but not limited to, past present and future damages for pain, suffering, and emotional distress in amounts to be determined according to proof:

b. Special damages, including, but not limited to, past, present or future medical and related expenses, lost wages, damage to career or other special damages in amount to be determined according to proof.

62.      The acts or omissions of individual Defendant Radford were intentional, malicious, oppressive or done with a conscious or reckless disregard for the rights of the Plaintiff. Accordingly, Plaintiff prays for an award of punitive and exemplary damages in amounts to be determined according to proof.

63.     Plaintiff will also be entitled to and award of attorneys' fees and costs pursuant to statute(s) in the event that she is the prevailing party in this action under 42 U.S.C. Section 1983 or under other statutes or laws.

64.     Plaintiff will also be entitled to an award of statutory damages, attorneys' fees and costs pursuant to California Civil Code Sections 51.7, 52 or 52.1 in the event that she is the prevailing party in this action.

## COMPLIANCE WITH GOVERNMENT TORT CLAIM REQUIREMENT

65.     Prior to commencing this litigation, Plaintiff presented a timely Tort Claim to the COUNTY OF ALAMEDA pursuant to the California Tort Claims Act. That Claim was rejected by a letter that was mailed  on July 21, 2020 by George Hills, which is the agent for the COUNTY OF ALAMEDA, which mailing date  was within six months of the filing of this Complaint on January 21, 2021.

## JURY TRIAL DEMAND

66.     .Plaintiff hereby demands a jury trial.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.     General damages in amounts to be determined according to proof;

2.     Special damages in amounts to be determined according to proof;

3.     Statutory damages pursuant to California Civil Code Sections 51.7, 52, or 52.1;

4.     Attorneys' fees pursuant to statutes;

5.     Costs of the suit;

6.     Punitive and exemplary damages in amounts to be determined according to proof as to the individual defendants;

7.     For pre and post judgement interest as permitted by law;

8.     For such other and further relief as the Court may deem just and proper.

**<u>CERTIFICATION OF INTERESTED PARTIES OR PERSONS</u>**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties there is no such interest to report.

Dated:  January 21, 2021                    LAW OFFICE OF JAMES M. BRADEN


_____/s/ James Braden_____

Attorney for Plaintiff Ellen Williams

16