1

JAMES M. BRADEN (State Bar No. 102397)
601 Montgomery Street, Suite 315
San Francisco, CA 94111
Telephone: (415) 398-6865
Facsimile: (415) 788-5605
Email: Braden@sf-lawyer.com

Attorney for Plaintiff Ellen Williams

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELLEN WILLIAMS, also known as ELLEN GIRMA, an individual,

              Plaintiff,

    v.

ALAMEDA COUNTY, CALIFORNIA; ALAEMDA COUNTY SOCIAL SERVICES AGENCY; ADULT AND AGING SERVICES OF ALAMEDA COUNTY; all of which are government entities of the state of California; and NICOLE RADFORD, an individual and DOEs, 1 through 100, inclusive,

              Defendants

**Case No.:  _3:21-cv-00523 CRB__**

***FIRST AMENDED* COMPLAINT FOR DAMAGES FOR FALSE POLICE REPORT BY A GOVERNMENT OFFICER AND OTHER CIVIL RIGHTS VIOLATIONS**

1

Plaintiff, ELLEN WILLIAMS, also known as ELLEN GIRMA, demands a trial by jury on all issues and causes of action and alleges as follows:

### JURISDICTION

1.      This section arises under 42 U.S.C. §1983. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343.

### INTRADISCTRICT ASSIGNMENT

2.      The claims alleged herein arose in the COUNTY OF ALAMEDA, State of California. Therefore, venue and assignment lies in the United States District Court for the Northern District of California, San Francisco or Oakland Divisions. 28 U.S.C. Section 1391 (b)(2).

### PARTIES

3.      Plaintiff, ELLEN WILLIAMS, is a resident of Alameda County, in the City of Dublin.  Plaintiff is also known by her name previous to marriage of Ellen Girma.   Defendants' files and records relating to this matter may refer to her as Ellen Girma.

4.      Defendant COUNTY OF ALAMEDA is, and at all times herein mentioned was, a government entity duly organized and existing under the laws of the State of California.

5.      Defendant ALAMEDA COUNTY SOCIAL SERVICES AGENCY is, and at all times herein mentioned was, an agency or department of the COUNTY OF ALAMEDA.

6.      Defendant ADULT AND AGING SERVICES OF ALAMEDA COUNTY is, and at al times herein mentioned was, an agency or department of the COUNTY OF ALAMEDA.

7.      Defendant NICOLE RADFORD (hereinafter Defendant RADFORD)  was at all times herein mentioned, an employee of the ALAMEDA COUNTY SOCIAL SERVICES AGENCY whom Plaintiff is informed and believes has the position of Social Worker.  She is sued herein in both her individual and official capacities.

2

8.      Plaintiff is ignorant of the true names or capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues said defendants by such fictious names.

9.      Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and upon such information and belief alleges that each of the Doe defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said defendants proximately caused said incidents, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, battery, violation of constitutional rights, violation of public policy, false arrests, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint to insert further charging allegations when such facts are ascertained.

10.     In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for the COUNTY OF ALAMEDA.

11.     In doing the acts or omissions alleged herein, Defendants, and each of them, acted under color of authority or color of law.

12.     In doing the acts or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, employee, or in concert with each of said other Defendants herein.

### STATEMENT OF GENERAL BACKGROUND FACTS

13.     Plaintiff is informed and believes and thereon alleges that the COUNTY OF ALAMEDA maintained customs, policies or practices wherein COUNTY OF ALAMEDA Social Workers and other employees were encouraged, authorized or otherwise permitted to

engage in civil rights violations against Black American citizens living, traveling or visiting in the COUNTY OF ALAMEDA, and were also encouraged, authorized or otherwise permitted to prepare and file false police reports, fabricate evidence, and generally subject such persons to maliciously false accusations and actions..

14.     Plaintiff is further informed and believes and thereon alleges that the abuses in question were the product of a culture of tolerance within the COUNTY OF ALAMEDA This culture is rooted in the deliberate indifference of high ranking County Officials, including, but not limited to Defendants, or other high ranking COUNTY OF ALAMEDA officials or acting in concert with one another, who have routinely acquiesced in the misconduct and otherwise failed to take necessary measures to prevent and curtail such misconduct.

15.     Plaintiff is informed and believes and thereon alleges that she suffered the violation of her constitutional rights as a result of customs, policies, patterns or practices of Defendants, and each of them, including, but not limited to, deliberate indifference in the hiring, supervision, training, and discipline of employees of the ALAMEDA COUNTY SOCIAL SERVICES AGENCY, including, but not limited to, Defendant NICOLE RADFORD.

16.     Plaintiff is further informed and believes and thereon alleges that she suffered the violation of her constitutional rights as alleged herein as a result of customs, policies or practices of Defendants, or each of them, including customs, policies or practices of failing to ensure that employees were discouraged from engaging in acts of misconduct against citizens, including falsification of reports and evidence; of failing to fully or fairly investigate alleged misconduct by its employees; of failing to appropriately monitor or otherwise track complaints of misconduct against its employees so that appropriate and timely disciplinary action or training could be taken when employees were shown to have a history of complaints; or of failing to

1    promptly remove or terminate employees who repeatedly violated the rights of citizens or

2    engaged in the type of misconduct alleged herein.

3           17.    Plaintiff is informed and believes and thereon alleges that the aforementioned

4    incidents were caused by the deliberate indifference of Defendants, by their high-ranking with

5    regard to the need for more or different training or supervision or discipline of its employees,

6    including, but not limited to Defendant RADFORD.

7           18.    Plaintiff is further informed and believes and thereon alleges that she suffered

8    violation of her  constitutional rights as a result of customs, policies, or practices of Defendants,

9    and each of them, individually or acting in concert with one another, including, but not limited

10   to, customs, policies or practices which encouraged, authorized or condoned f fabrication of

11   evidence, falsification of police reports, or other misconduct which foreseeably would result in

12   the violation of the rights of citizens.

13          19.    Plaintiff is further informed and believes and thereon alleges that as a result of

14   Defendants' policy of indifference, a custom or practice developed within the ALAMEDA

15   COUNTY SOCIAL SERVICES AGENCY whereby it was accepted practice for employees to

16   abide by a "Code of Silence." Under this Code, employees charged with upholding the law

17   routinely ignored or otherwise failed to report or take action against fellow employees who

18   engaged in misconduct, including, but not limited to, Defendant RADFORD.

19          20.    Plaintiff is further informed and believes and thereon alleges that Defendants,, or

20   each of them, tacitly or directly ratified, approved, condoned or otherwise encouraged a pattern,

21   practice, custom of policy of misconduct or civil rights violations by their employees, such as

22   occurred in the instant case.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

21.     Plaintiff is informed and believes and thereon alleges that prior to the subject incident, Defendants were on actual notice of problems with the accountability of employees of the ALAMEDA COUNTY SOCIAL SERVICES AGENCY, including, but not limited to, problems in fully, fairly, and objectively investigating citizens' complaints concerning misconduct of such employees.

22.     Plaintiff is informed and believes and thereon alleges that as a result of customs, policies, practices or the lack thereof, Defendants and their policy makers or high ranking supervisors have encouraged, authorized, ratified, condoned or have failed to remedy continuing acts of misconduct and civil rights violations, including, but not limited to, those which have resulted in the damage as alleged herein to the Plaintiff.

23.     Plaintiff is informed and believes and thereon alleges that the subject incident was the result of a custom, policy, pattern or practice of Defendants, or each of them, whereby Black American citizens, such as the Plaintiff, were singled out for disparate treatment and subjected to excessive false police reports and other harassment and misconduct because of their race.

24.     Plaintiff is further informed and believes and thereon alleges that despite having notice of customs, policies, patterns or practices by members of the COUNTY OF ALAMEDA SOCIAL SERVICES AGENCY, wherein Black American citizens were repeatedly subjected to false police reports and other harassment and misconduct because of their race, Defendants have failed to take any or appropriate remedial action to prevent continuing misconduct by members of the COUNTY OF ALAMEDA SOCIAL SERVICES AGENCY.

1

2

## ALLEGATIONS CONCERNING THE

## PLAINTIFF'S SPECIFIC INCIDENT

3

4

    25.    Defendant RADFORD, an employee of Defendant COUNTY OF ALAMEDA

5

SOCIAL SERVICES AGENCY, called the City of Dublin Police Department on December 31,

6

2019 to make a false allegation without any basis, evidence or investigation, that Plaintiff was

7

abusing her husband Dr. Michael Williams, a practicing oncologist. She further alleged that

8

Plaintiff "may have killed Dr. Williams because nobody has seen him for over a month".

9

Radford told the Police and later told Plaintiff that she (Radford) had supposedly received an

10

"anonymous call" in which the caller made these allegations.

11

    26.    Radford also made a representation to police that Plaintiff is a violent felon. And

12

she further fabricated an allegation to the police that she had been trying to reach Dr. Williams

13

for over a month, but that he had not returned her multiple phone calls.   She emphasized to the

14

Police that this meant Dr. Williams probably was dead.  But she lied to the Police about

15

everything.   She never tried to call Dr. Williams at either his home or his office to find out

16

whether he was alive or dead.  She knew where his office was because she gave the office phone

17

number to the Police when she phoned them.

18

    27.    In response to this seemingly (although not truly) credible report from an

19

employee of the Alameda County Government, the City of Dublin Police surrounded Plaintiff's

20

and Dr. Williams' home on New Years Eve while Plaintiff and her husband were at work in their

21

oncology clinic. The police called the clinic number and said "It is urgent that we speak with Dr.

22

Williams."  Plaintiff took the call and told the police that the police should speak with their

23

attorneys. The police told Plaintiff that "Dr. Williams is not under criminal investigation; we just

24

25

want to be sure that he is OK because we received a very strange call saying that he might not be

alive." The Police also said the caller "suggested that Dr. Williams had been dead for over a

month" and the Police said they had "expected to retrieve a dead body" when they arrived at the

Williams residence.  Plaintiff asked who had said that and the police officer replied that it was

"Nicole from Alameda County Adult Protective Services." Dr. Williams then spoke directly on

the phone with the police and confirmed that he was not only alive, but in perfectly good and

safe condition.  The police said they found Radford's phone call to be "suspicious".

28.     Plaintiff called Radford to find out the reason for the bizarre allegations. Radford

alleged "I'm just an intake worker."  Plaintiff told Radford that the Dublin Police told Plaintiff

to call Radford, and that Radford had told the police that Plaintiff had killed Dr. Williams. She

said, "I am just an intake worker,  but the social workers will need a face to face meeting with

you. So when can they come to your house to interview you and what is a good number?"

29.     Radford lied to Plaintiff.   She was in fact a Social Worker, not a mere intake

worker.

30.     Plaintiff informed Radford that the Dublin Police whom she had contacted were

able to phone and speak with Plaintiff and her husband without any difficulty.   Because Radford

claimed to the police that she had been unable to achieve that for a whole month, Plaintiff asked

her what number(s) she had called.   Radford became very nervous, while also turning more

aggressive: "You need to cooperate with this investigation otherwise things are going to be very

bad for you."

31.     Radford then demanded an in-person interview with Dr. Williams. Plaintiff

requested that her and Dr. Williams' attorney, Quinlan Tom, be on the telephone call, but

Radford refused. Plaintiff then got her attorney, Mr. Tom, on the telephone anyway. Radford

then admitted that she is the social worker who instigated the calls to the police.

32.     Radford had thus been caught lying about every material thing.   She lied about her employment status.  She lied about having received an anonymous phone call alleging that Plaintiff had harmed her husband.   Radford lied about having made a danger report to the Police. She lied to the Police about having been unable to reach Dr. Williams.  She lied to the Police that she believed that Plaintiff had killed or may have killed Dr. Williams.

33.     Plaintiff and her attorney made clear to Radford that she (Radford) had been caught lying.   A reasonable person in Radford's position would have ceased all conduct and communications relating to Plaintiff and her husband.

34.     But Radford did not cease her actions.  Rather, she instead doubled down, going from bad to worse.  Despite having learned from the Police and Dr. Williams that her allegations relating to Plaintiff were false, Radford continued to pursue those false allegations and even created new false allegations.

35.     Radford tried to intimidate and coerce Plaintiff by threats of criminal prosecution. Radford said that if Plaintiff did not allow her to come to Plaintiff's home to investigate in person, and unless she and her husband agreed to put Dr. Williams under the supervision of the County's Adult Protective Services, Radford would ask the District Attorney to start a criminal investigation of Plaintiff for attacking and trying to kill her husband Michael.  Radford telephoned Plaintiff multiple times to badger and coerce her into admitting that the claim was true that she had attacked her husband Michael and attempted to kill him, constantly reiterating her threat to report Plaintiff to the District Attorney for criminal prosecution.

36.     Radford told Plaintiff in their initial conversation described above that Radford knew Plaintiff is Black.   Radford made similar statements of her knowledge of Plaintiff's race in those further phone conferences described above. Plaintiff does not know exactly how Radford

acquired this knowledge, whether for example it was from some form of anonymous phone call or otherwise.  But Radford definitely did exhibit the knowledge in multiple phone calls to Plaintiff.

37.     Moreover, the way in which Radford communicated on the phone to Plaintiff her knowledge of Plaintiff's race clearly indicated to Plaintiff that Radford was acting against Plaintiff based on antipathy and animus against Plaintiff as a Black person.

38.     Radford also made at least three additional reports to the Dublin Police that Plaintiff was supposedly abusing her husband Michael.  These reports were completely false, just like the initial Police report Radford made on December 31, 2019 as described above.

39.     These reports caused the Dublin Police to call Dr. Williams at least three more times at his medical office to determine whether he was alive and unharmed.   Unlike her initial false report, Radford did not include on these subsequent false reports to the Police that she was supposedly acting on the basis of an anonymous phone call.

40.     Plaintiff is informed and believes, as noted above, that Radford lied to the Police when she said that she received an anonymous call containing all the allegations about what Plaintiff had supposedly done to her husband.   Plaintiff has no way to know whether there ever was any form of anonymous call to Radford,   If there was not, then Plaintiff does not know how Radford became aware of Plaintiff and her husband to the point of Radford calling the Police. But Plaintiff is informed and believes that even if Radford did receive some form of anonymous call, the caller did not make the accusations and statements that Radford reported to the Police.

41.     Regardless of what Radford knew before she made her first report to the Police, by the time of her subsequent reports to the Police, Radford knew that Plaintiff is Black and knew that the abuse (including murder) allegations her were false.   Radford thus not only made

further false allegations to the Police, but Radford knew they were false.  And Radford knew that her allegations pertained to a Black person.   Radford thus knowingly made false allegations to the Police of misconduct, including criminal actions, against Plaintiff because Plaintiff is Black, whereas Radford would not have made those false allegations if Plaintiff had been White.

42.

In doing the foregoing, Radford abused her operational duties as an employee for the Alameda County Social Services Agency.

## CLAIMS FOR RELIEF

FIRST CLAIM FOR RELIEF

(42 .S.C. SECTION 1983)

(AGAINST ALL DEFENDANTS)

43.     Plaintiff incorporates by reference and realleges herein Paragraphs 1-42.

44.     In doing the acts of complained of herein, Defendants or each of them, individually or while acting in concert with one another, did act under color of state law to deprive Plaintiff as alleged heretofore of certain constitutionally protected rights, including, but not limited to:

(a)     the right not to be deprived of liberty without Due of Law;

(b)     the right to equal protection of the law.

45.     Said rights are substantive guarantees under the Fourth or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter wet forth.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**SECOND CLAIM FOR RELIEF**

(42 U.S.C. Section 1983)

(AGAINST ALL DEFENDANTS)

46.     Plaintiff incorporates by reference and realleges herein here Paragraphs 1 through 42.

47.     As against the Defendants which are government entities, Plaintiff further alleges that the acts or omissions stated  in the Complaint herein are indicative and representative of a repeated course of conduct by employees of the County of Alameda Social Services Agency, and are thus tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of governmental authority, and disregard for the constitutional rights of citizens in Alameda County.

48.     Plaintiff is further informed and believes and thereon alleges that the acts or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by the Defendants to the repeated violations of the constitutional rights of citizens of the employees of the COUNTY OF ALAMEDA SOCIAL SERVICES AGNECY, , which have included, but are not limited to, repeated false police reports, denial of equal protection of the law based on race, and other repeated violations of the constitutional rights of the citizens of Alameda County.

49.     Plaintiff is further informed and believes and thereon alleges that the damages sustained herein were the proximate result a custom, policy, pattern, or practice of deliberate indifference by the Defendants to the repeated violations of the constitutional rights of citizens by employees of the COUNTY OF ALAMEDA SOCIAL SERVICES AGENCY.  These have included, but were not limited to, repeated false police reports, denial of equal protection of the

1  laws based on race, and other repeated violations of the constitutional rights of the citizens of

2  Alameda County.

3      50.    Plaintiff is further informed and believes and thereon alleges that the damages

4  sustained herein were the proximate result of customs, policies or practices which included, but

5  not limited to, failure to adequately or appropriately hold employees accountable for their

6  misconduct, failure to properly and fairly investigate complaints about employees' misconduct,

7  failure to enact policies to ensure adequate or appropriate oversight of employees to prevent

8  continuing violations of the rights of citizens, failure to properly train or discipline employees,

9  failure to adequately or properly supervise employees, and failure to adopt an appropriate early

10  warning systems, policies and customs.  All these failures  encouraged employees to target

11  certain groups of citizens for aggressive reporting to the police of supposed problems or issues,

12  or other customs or policies which caused or contributed to, the violation of the rights of citizens

13  by members of the COUNTY OF ALAMEDA SOCIAL SERVICES AGENCY.

14      51.    The aforementioned deliberate indifference, customs, policies or practices of

15  Defendants resulted in the deprivation of Plaintiff's constitutional rights including, but not

16  limited to the following:

17          (a)    the right not to be deprived of liberty without Due Process of Law;

18          (b)    the right to equal protection of the law.

19      52.    Said rights are substantive guarantees under the Fourth or Fourteenth

20  Amendments to the United States Constitution.

21              WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**THIRD CLAIM FOR RELIEF**

(NEGLIGENCE)

(AGAINST ALL DEFENDANTS)

53.     Plaintiff incorporates by reference and realleges herein Paragraphs 1-42.

54.     Defendants individually or acting in concert and while acting withing the course and scope of their employment for Defendants owed Plaintiff a duty to use due care at or about the times of the aforementioned incidents.

55.     In doing the aforementioned acts or omissions, said Defendants or each of them, individually or while acting in concert with one another, negligently breached said duty to use due care, directly and proximately resulting in he injuries and damages to the Plaintiff as alleged herein.

56.     Defendant government entities are  therefore liable by the doctrine of *respondeat superior* for the negligence of individual defendant Radford within the course and scope of her employment and as alleged herein.

57.     As a result of the negligence of Defendants, and each of them, Plaintiff suffered the damages and injuries as alleged heretofore in this Complaint.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CLAIM FOR RELIEF**

(CAL. CIVIL CODE SECTION 51.7)

(AGAINST ALL DEFENDANTS)

58.     Plaintiff incorporates by reference and realleges herein paragraphs 1 through 42.

59.     In doing the acts or omissions as alleged herein, all Defendants caused the Plaintiff to be subject to a false police report because of her race.   This was "intimidation by

14

threat of violence" under California Civil Code Section 51.7, because Section 51.7(b)(2) defines

that phrase to include "making or threatening to make a claim or report to a peace officer or law

enforcement agency that falsely alleges that another person has engaged in unlawful activity or

in an activity that requires law enforcement intervention, knowing that the claim or report is

false, or with reckless disregard for the truth or falsity of the claim or report."

60.     As a result, Plaintiff is entitled to relief under Section 51.7, including, but not

limited to, compensatory damages, statutory damages, punitive damages, attorneys' fees and

costs in amounts to be determined according to proof.

61.     The acts of omissions of individual defendant Radford were within the course and

scope of her employment by the government entity Defendants, thus making those employer

defendants liable by the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CLAIM FOR RELIEF

(CAL. CIVIL CODE SECTION 52.1)

(AGAINST ALL DEFENDANTS)

62.     Plaintiff incorporates by reference and realleges herein Paragraphs 1 through 42

63.     In doing the acts or omissions as alleged herein, Defendants caused the Plaintiff to

suffer the violation of her rights guaranteed by the United States Constitution and the California

Constitution.

64.     As a result, Plaintiff is entitled to relief under California Civil Code Section 52.1,

including, but not limited to, compensatory damages, statutory damages, punitive damages against

named defendants, attorneys' fees, and costs in amounts to be determined according to proof.

65.    The acts of omissions of individual defendant Radford were within the course and scope of her employment by the government entity Defendants, thus making those employer defendants liable by the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth

## STATEMENT OF DAMAGES

66.    Plaintiff incorporates by reference and realleges herein Paragraphs 1 through 65.

67.    As a result of the acts or omissions of Defendants and each of them, as alleged herein, Plaintiff suffered damages, including, but not limited to:

a. General damages, including, but not limited to, past present and future damages for pain, suffering, and emotional distress in amounts to be determined according to proof:

b. Special damages, including, but not limited to, past, present or future medical and related expenses, lost wages, damage to career or other special damages in amount to be determined according to proof.

68.     The acts or omissions of individual Defendant Radford were intentional, malicious, oppressive or done with a conscious or reckless disregard for the rights of the Plaintiff. Accordingly, Plaintiff prays for an award of punitive and exemplary damages in amounts to be determined according to proof.

69.    Plaintiff will also be entitled to and award of attorneys' fees and costs pursuant to statute(s) in the event that she is the prevailing party in this action under 42 U.S.C. Section 1983 or under other statutes or laws.

70.    Plaintiff will also be entitled to an award of statutory damages, attorneys' fees and costs pursuant to California Civil Code Sections 51.7, 52 or 52.1 in the event that she is the prevailing party in this action.

**COMPLIANCE WITH GOVERNMENT TORT CLAIM REQUIREMENT**

71.     Prior to commencing this litigation, Plaintiff presented a timely Tort Claim to the

COUNTY OF ALAMEDA pursuant to the California Tort Claims Act. That Claim was rejected

by a letter that was mailed  on July 21, 2020 by George Hills, which is the agent for the

COUNTY OF ALAMEDA, which mailing date  was within six months of the filing of this

Complaint on January 21, 2021.

**JURY TRIAL DEMAND**

72.     .Plaintiff hereby demands a jury trial.

PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of

them, as follows:

1.     General damages in amounts to be determined according to proof;

2.     Special damages in amounts to be determined according to proof;

3.     Statutory damages pursuant to California Civil Code Sections 51.7, 52, or

52.1;

4.     Attorneys' fees pursuant to statutes;

5.     Costs of the suit;

6.     Punitive and exemplary damages in amounts to be determined according

to proof as to the individual defendants;

7.     For pre and post judgement interest as permitted by law;

8.     For such other and further relief as the Court may deem just and proper.

**CERTIFICATION OF INTERESTED PARTIES OR PERSONS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties there is no such interest to report.


Dated:  March 3, 2023                                LAW OFFICE OF JAMES M. BRADEN


                                                                    /s/ James Braden

—                                                          Attorney for Plaintiff Ellen Williams